JONES, J.,
specially concurring.
I concur in the Court’s opinion but wish to further address the line of navigability issue in Part V.B. As the Court notes, the record contained scant evidence to support IDL’s assertion that the line of navigability had been “established at fifty five feet (55’) waterward of the AHWM.” The record did not contain evidence as to when the line of navigability had been established or the legal authority pursuant to which it was established. On remand, IDL should take the opportunity to provide that information.
However, I would not limit IDL’s options by allowing it to only establish a line of navigability line waterward of the low water mark. Idaho Code § 58-1302(g) establishes the line of navigability waterward of the low water mark “when a line has not already been established for the body of water in question.” IDL should have the option of trying to show that the line of navigability was established for Glengary Bay prior to enactment of the Lake Protection Act, and *581 that, when established, the line was landward of the low water mark.
Furthermore, the record contains evidence that a line of navigability as contended for by Kaseburg may be impractical and potentially hazardous in the narrow confines of Glengary Bay. According to one comment from a private party, “95 feet of dock jutting out into the bay is a hazard to navigation.” The commenter continues, “[tjhere is no benefit to the general public if the application is approved ____[the Kaseburgs] gain at the expense of everyone else.” IDL also contends that the dock proposed by Kaseburg would constitute a navigation hazard and would be impractical within the confines of Glengary Bay if other landowners were to assert similar rights. These are the types of concerns that can be considered by the State Board of Land Commissioners in carrying out its constitutional responsibility to properly administer the beds of navigable lakes below their natural high water marks under the public trust doctrine. See Kootenai Environmental Alliance, Inc. v. Panhandle Yacht Club, Inc., 105 Idaho 622, 671 P.2d 1085 (1983). The record does not indicate whether IDL contends that it established the line of navigability operating under the constitutional authority of the State Board of Land Commissioners, derived from Art. IX, §§ 78 of the Idaho Constitution, rather than relying on the statute. Presumably, that issue can be fleshed out on remand.